Filed 8/25/14  P. v. Aristakesian CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTOUR ARISTAKESIAN,<br><br>    Defendant and Appellant. | C075690<br><br>(Super. Ct. No. 13F00228) |

Defendant Artour Aristakesian pled no contest to exhibiting lewd material to a minor (count one), persuading a minor to model for matter containing sexual conduct (count two), and 28 counts of lewd acts with a child under age 14 (counts three through thirty).

Defendant was sentenced to prison for 24 years eight months, consisting of the upper term of eight years on count three, eight consecutive terms of two years each on counts four through eleven, and a consecutive term of eight months on count one. Concurrent terms were imposed on counts two and twelve through thirty.

1

Defendant was awarded 331 days' custody credits and 50 days' conduct credits. He was ordered to make restitution to the victims of violent crime program and to pay a $10,000 restitution fine, a $10,000 restitution fine suspended unless parole is revoked, a $300 sex crime fine plus $130 in penalty assessments, a $331.98 booking fee, and a $60.18 classification fee.

Defendant's trial counsel filed a timely notice of appeal indicating the appeal was based on sentencing or other matters occurring after the plea. Two days later, defendant filed a pro. per. notice of appeal and request for certificate of probable cause. Defendant indicated that the appeal was based on sentencing and additional matters. He did not obtain a certificate of probable cause.

## FACTS

On or about and between December 11, 2006, and December 10, 2011, the date range that reflects the victim R. D.'s ages from nine to 13 years, defendant exhibited harmful matter within the meaning of Penal Code[1] section 313. This included pornographic images and videos of matter such as naked adults having intercourse. Defendant exhibited the material to R. D. with the intent of arousing, appealing to, and gratifying the lusts, passions, and sexual desires of himself and the minor and for the purpose of seducing her.

Defendant also, while possessing facts from which he reasonably should have known that R. D. was a minor under age 14, had her pose or model and took photographs of her, in order to prepare matter containing sexual conduct; specifically, he took photographs, full body photographs, and also photographs focusing on her genitalia without clothing.

---

[1] Further undesignated statutory references are to the Penal Code.

On at least one occasion, defendant committed a lewd and lascivious act; specifically, he placed his mouth on R. D.'s breasts and did so with the intent of arousing, appealing to, and gratifying the lusts, passions, and sexual desires of the defendant and the child.

On at least one occasion, he committed an additional lewd and lascivious act, specifically, having the victim place her hand on his penis with the same intent of arousing and appealing to and gratifying the lusts, passions, and sexual desires of himself and the child.

On at least two occasions, he had the victim place her mouth on his penis with the intent of arousing, appealing to, and gratifying the lusts, passions, and sexual desires of himself and the child.

And on at least 24 occasions, the defendant placed his mouth on the victim's vaginal area with the intent of arousing, appealing to, and gratifying the lusts, passions, and sexual desires of the said defendant and the said child.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review of the record reveals several errors at sentencing. First, section 288, subdivision (a) (lewd acts with a child under age 14) has a sentencing triad of three, six, or eight years. The probation officer recommended that defendant be sentenced for these offenses (counts twelve through thirty) to consecutive one-third middle terms of two years each. Rejecting this recommendation in part, the trial court chose concurrent rather than consecutive sentences and imposed the recommended, albeit unauthorized, terms of

3

two years each.  On remand, if the trial court selects concurrent sentences, it shall resentence defendant on these 19 counts to *one of the three terms specified in the triad* and issue an amended abstract of judgment.

Second, defendant's count two conviction (persuading a minor to model) is a violation of section 311.4, subdivision (c).  Unlike subdivision (a) of that statute, subdivision (c) is a straight felony and its sentencing triad is 16 months, two or three years.  (§§ 18, subd. (a), 311.4, subd. (c).)  Because defendant has present violent felony convictions and is required to register as a sex offender, he is required to serve this term in state prison.  (§ 1170, subd. (h)(3).)  Thus, the trial court's sentence to county jail for one year concurrent to the prison term is unauthorized.  On remand, the court shall impose a lawful sentence on this count.

Third, on part 1 of the abstract of judgment, counts four through eight are sentenced as one-third consecutive terms but the boxes that so reflect are not checked.  This error can be corrected on the amended abstract of judgment.

Fourth, although the trial court orally pronounced a $300 sex crime fine plus "$130 in penalties and assessments," those penalties and assessments are not identified in the oral pronouncement, the clerk's minutes, or the abstract of judgment.  On remand, the trial court shall identify each applicable penalty and assessment in its oral pronouncement of sentence and shall list them in the minutes and the abstract.

Fifth, while the oral pronouncement of judgment did not include the imposition of a court operations assessment under section 1465.8 or a conviction assessment under Government Code section 70373, the clerk's minutes and the abstract of judgment do include these assessments ($1,200 and 900, respectively).  To be valid, these assessments must be orally pronounced by the court.

Having undertaken an examination of the entire record, other than those errors noted above, we find no arguable error that would result in a disposition more favorable to defendant.

4

## DISPOSITION

The judgment of conviction is affirmed. Defendant's sentence is vacated and the matter is remanded to the trial court for resentencing on counts two and twelve through thirty, for proper oral pronouncement of all the applicable penalties and assessments, and for preparation of an amended abstract of judgment that properly indicates one-third consecutive terms on counts four through eight and properly identifies all applicable penalties and assessments upon the sex crime fine.


                ROBIE           , J.


We concur:


        BLEASE         , Acting P. J.


        MAURO         , J.